SCOTT C. POWERS (10976)
ADRIENNE A. MOSS (17280)
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145-5000
Telephone: (801) 521-9000
scp@scmlaw.com
aam@scmlaw.com
*Attorneys for Plaintiff The Cincinnati Specialty Underwriters Insurance Company*

---

## IN THE UNITED STATES DISTRICT COURT

## THE DISTRICT OF UTAH – CENTRAL DIVISION

---

| | |
|---|---|
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, an Ohio corporation, <br><br> Plaintiff, <br><br> vs. <br><br> B&K CONSTRUCTION OF UTAH, INC., a Utah company; STAKER & PARSON COMPANIES D/B/A/ HALES SAND & GRAVEL, A CRH COMPANY, a Utah company, DEREK ARMSTRONG, an individual, <br><br> Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> Civil No.: <br><br> Judge: |

Plaintiff The Cincinnati Specialty Underwriters Insurance Company ("Cincinnati")

complains and seeks a declaratory judgment as follows:

**PARTIES, JURISDICTION, VENUE, AND BACKGROUND**

1.      Cincinnati is a Delaware corporation with its principal place of business in Fairfield, Ohio, authorized to do business and write insurance policies in the State of Utah.

2.      Cincinnati issued the Commercial General Liability Policy No. CSU0068094, effective from March 15, 2021 to March 15, 2022, to Defendant B&K Construction of Utah, Inc. (the "CGL Policy") which was in effect at all times relevant to this action. A true and correct copy of the CGL Policy is attached hereto as Exhibit A.

3.      B&K Construction of Utah, Inc. ("B&K") is an expired company incorporated and with its principal place of business in Utah.

4.      Staker & Parson Companies d.b.a. Hales Sand & Gravel, a CRH company, ("Staker") is a company incorporated and with its principal place of business in Utah.

5.      Derek Armstrong ("Armstrong") is an individual residing in the State of Utah.

6.      All acts relevant to the controversy described herein took place in Utah.

7.      There is complete diversity of citizenship among plaintiff and defendants and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs.

8.      Jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. § 1332.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

10.     Utah law applies to this declaratory action.

11.     On or about July 6, 2022, Armstrong filed a Complaint on July 6, 2022 and an Amended Complaint on July 14, 2022 in Utah's Third Judicial District of Salt Lake County against Staker seeking to recover damages arising out of an incident wherein it is alleged that, on June 3, 2021, Armstrong sustained injuries while in the scope of his employment with B&K

2

while laying guardrail that inadvertently came into contact with power lines thereby causing him to be electrocuted. *See Armstrong v. Staker Parson Companies dba HA et al.*, No. 220904081, Third Judicial District Court, Salt Lake County (the "Armstrong Action"). A true and correct copy of the Amended Complaint filed in the Armstrong Action is attached as Exhibit B.

12.     At all relevant times to events referenced in the Armstrong Action, Armstrong was an employee of B&K.

13.     Upon information and belief, Armstrong seeks in excess of $75,000.00 in damages exclusive of interest, fees, and costs against Staker. *See* Ex. B.

14.     Then, on or about January 12, 2023, Staker filed a Third-Party Complaint in the Armstrong Action demanding B&K accept the defense of the matter and agree to indemnify it. A true and correct copy of the Third-Party Complaint filed in the Armstrong Action is attached as Exhibit C.

15.     Prior to the events giving rise to the Armstrong Action, Staker and B&K entered into a Master Subcontract Agreement on February 21, 2018 (the "Subcontract"). A true and correct copy of the Subcontract is attached as Exhibit D.

16.     Included in the Subcontract was an indemnification provision which stated as follows:

> 6. INSURANCE: Subcontractor shall, and shall cause each of its subcontractors to, maintain: (i) worker's compensation and employer's liability insurance; (ii) comprehensive automobile liability insurance; (iii) general liability insurance (including product liability and completed operations coverage); (iv) property damage insurance; (v) Excess-Umbrella coverage; and (vi) any other insurance required by Contract…All insurance shall provide coverage on an "occurrence" basis and not on a "claims made" basis. All policies, except for worker's compensation policies,

3

shall name the Contractor as an additional insured on a primary basis. The policies shall provide for Contractor's defense and indemnify Contractor from all claims, expenses and liabilities in any way connected with any act or omission of Subcontractor, its invitees, or any person performing Work directly or indirectly on behalf of Subcontractor, regardless of whether Contractor is partially at fault…

17.     Also included in the Subcontract is an insurance provision which stated as follows:

7. INDEMNITY: To the fullest extent permitted by law, Subcontractor shall defend, indemnify and hold Contractor, its officers, employees, agents, insurers, sureties, and affiliates, harmless from any and all losses, damages, expenses (including reasonable attorneys', consultants' and experts' fees), claims, suits, liabilities, fines, penalties, remedial and clean-up costs arising out of or related to: (i) the performance of the Work; (ii) any breach of this Subcontract (inclusive of Work Orders); or (iii) any act or omission by Subcontractor, its invitees, or any person performing Work directly or indirectly on behalf of Subcontractor, regardless of whether Contractor is partially at fault. Subcontractor's indemnity and defense obligations shall apply to any claim against Contractor by any employee of Subcontractor; and Subcontractor shall not assert as a defense in any suit by Contractor to enforce Subcontractor's obligations under this Article any immunity or other defense provided under any worker's compensation or other laws. Subcontractor's obligations under this Article shall not be limited by any other provision of this Subcontract (inclusive of Work orders). Subcontractor hereby agrees that its unit prices include separate consideration for Subcontractor's defense and indemnity obligations. In the event that a monetary limitation is required for the enforceability of Subcontractor's obligations under this Article, such limitation shall be the greater per occurrence of $5,000,000 or the estimated total Subcontract price for the Work, which amount Contractor and Subcontractor agree bears a reasonable commercial relationship to this Subcontract.

18.     Cincinnati has no duty to defend nor indemnify Staker, B&K, or Armstrong in the Armstrong Action under the CGL Policy pursuant to either the Amended Complaint or the Third-Party Complaint.

19.     Nonetheless, Cincinnati, out of an abundance of caution, has provided a defense for B&K under a reservation of its rights.

20.     Cincinnati now seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201 et. seq., stating it has no duty to defend nor indemnify Staker, B&K, nor Armstrong in the Armstrong Action under the CGL Policy.

## THE CGL POLICY

21.     Cincinnati incorporates by reference the allegations included in the foregoing paragraphs as if fully set forth herein.

22.     Cincinnati has relied upon a continues to rely upon the entirety of the CGL Policy, which is fully incorporated by reference herein.

23.     The following forms and endorsements of the CGL Policy are applicable to coverage of the subject incident:

CG0001 (04/13) Commercial General Liability Coverage Form
CG2426 (04/13) Amendment of Insured Contract Definition
CSGA437 (12/13) Additional Insured – Owners Lessees or Contractors –
    Automatic Status When Required In Construction
CSGA3175 (07/19) Exclusion – Employer's Liability
CSGA3178 (07/19) Exclusion - Bodily Injury to Your Contractors or
    Subcontractors

24.     The Definitions section of the CG0001 form of the CGL Policy states, in pertinent part, as follows:

**Section V—Definitions**

5

…

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

…

5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

…

9. "Insured contract" means:

…

f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

…

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

…

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

…

17. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

…

19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

…

22. "Your work":

a. Means:

(1) Work or operations performed by you or on your behalf; and

(2) Materials, parts or equipment furnished in connection with such work or operations.

b. Includes:

(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

6

(2) The providing of or failure to provide warnings or instructions.

…

25.     The Coverages section of the CG0001 of the CGL Policy states, in pertinent part,

as follows:

**Section I—Coverages—Coverage A—Bodily Injury and Property Damage Liability**

**1. Insuring Agreement**

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

…

26.     The Exclusions section of the CG0001 of the CGL Policy states, in pertinent part,

as follows:

**2. Exclusions**

This insurance does not apply to:

…

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

…

**e. Employer's Liability**

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

      (a) Employment by the insured; or

      (b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

…

27.    An endorsement to the CGL Policy, CG2426 (04/13) Amendment of Insured Contract Definition, changes the definition of "insured contract" in the Definitions section and states, in pertinent part, as follows:

**AMENDMENT OF INSURED CONTRACT DEFINITION**

The definition of "insured contract" in the Definitions section is replaced by the following:

"Insured contract" means:

…

f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. However, such part of a contract or agreement shall only be considered an "insured contract" to the

extent your assumption of the tort liability is permitted by law. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.
…

28.     Another endorsement to the CGL Policy, CSGA437 (12/13) Additional Insured –

Owners Lessees or Contractors – Automatic Status When Required In Construction, modifies the

insurance provided under the CGL Policy and states, in pertinent part, as follows:

**ADDITIONAL INSURED—OWNERS, LESSEES OR CONTRACTORS— AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU—OPERATIONS AND COMPLETED OPERATIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. Section II—Who is an Insured is amended to include as an additional insured any person or organization when you and such person or organization have agreed in writing in a contract or agreement that such persons or organization be added as an additional insured on your policy, but only with respect to "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
1. Your acts or omissions in the performance of your ongoing operations for the additional insured;
2. The acts or omissions of those acting on your behalf in the performance of your ongoing operations for the additional insured; or
3. "Your work" performed for the additional insured and included in the "products completed operations hazard". If not specified otherwise in the written contract or agreement, a person's or organization's status as an additional insured under this endorsement ends one year after your operations for that additional insured are completed. The written contract or agreement must be currently in effect or become effective during the term of this Coverage Part. The contract or agreement must be executed prior to the "bodily injury", "property damage" or "personal and advertising injury" to which this endorsement pertains.
However:
1. The insurance afforded to such additional insured only applies to the extent permitted by law; and

2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

…

29.     Another endorsement to the CGL Policy, CSGA3175 (07/19) Exclusion – Employer's Liability, also modifies the insurance provided under the CGL Policy and states, in pertinent part, as follows:

**EXCLUSION - EMPLOYER'S LIABILITY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. Exclusion e. of Paragraph 2. Exclusions of Section I - Coverages, Coverage A. Bodily Injury And Property Damage Liability is deleted and replaced by the following:

"Bodily injury" to:
1. An "employee" of the insured arising out of and in the course of:
a. Employment by the insured; or
b. Performing duties related to the conduct of the insured's business; or
2. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph 1. above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury, including any obligation to pay damages by reason of assumption of liability in an "insured contract" or agreement.

B. The following definitions are added and apply with respect to this endorsement:

"Employee" under this endorsement means any person who is hired for a wage, salary, fee or payment to perform work. "Employee" includes any leased worker or temporary worker, loaned worker, "volunteer worker", 1099 worker, "casual worker" or day laborer.

10

"Casual worker" means a person, other than a person furnished by a labor union, which acts at the direction of and within the scope of duties determined by any party, and for whom any party does not withhold federal income taxes or pay federal unemployment tax.

30.     Lastly, an endorsement to the CGL Policy, CSGA3178 (07/19) Exclusion - Bodily Injury to Your Contractors or Subcontractors, also modifies the insurance provided under the CGL Policy and states, in pertinent part, as follows:

**EXCLUSION—BODILY INJURY TO YOUR CONTRACTORS OR SUBCONTRACTORS**

This endorsement modifies insurance provided under the following:

Commercial General Liability Coverage Part

A. The following exclusion is added to Paragraph 2. Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability:

2. Exclusions
This insurance does not apply to:
"Bodily injury" to:
a. Your "contractor" or "subcontractor"; or
b. Any "employee" of your "contractor" or "subcontractor" when the "bodily injury" arises out of and in the course of employment or performing duties related to the conduct of any insured business or the business of your "contractor" or "subcontractor"; or
c. The spouse, child, parent, brother or sister of any person identified above as a consequence of Paragraph a. or b.
This exclusion applies:
(1) Whether an insured may be liable as an employer or in any other capacity; and
(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury, including any obligation to pay damages by reason of the assumption of liability in an "insured contract" or agreement.

B. The following definitions are added and apply with respect to this endorsement:
1. "Contractor" and/or "Subcontractor" means a person, company or organization who agrees in any oral or written contract or agreement with any person or

organization to undertake to perform work; to perform a service; or to complete a job.

2. "Employee" under this endorsement means any person who is hired for a wage, salary, fee or payment to perform work. "Employee" includes any leased worker or temporary worker, loaned worker, "volunteer worker", 1099 worker, "casual worker" or day laborer.

3. "Casual worker" means a person, other than a person furnished by a labor union, which acts at the direction of and within the scope of duties determined by any party, and for whom any party does not withhold federal income taxes or pay federal unemployment tax.

…

31.     Pursuant to the CGL Policy, Staker was considered an "additional insured."

32.     Pursuant to the CGL Policy, Armstrong was considered an "employee."

<u>**CAUSE OF ACTION**</u>
**(Declaratory Relief – All Defendants)**

33.     Cincinnati incorporates the allegations included in the foregoing paragraphs by this reference.

34.     An actual and justiciable controversy has arisen between the parties regarding their respective rights and obligations under the CGL Policy, as to whether such policy bestows a duty upon Cincinnati to either defend or indemnify Staker, B&K, or Armstrong in the Armstrong Action.

35.     There is no adequate remedy by which these controversies may be resolved other than the relief requested herein.

36.     The CGL Policy obligates Cincinnati, in relevant part, to pay for "damages because of 'bodily injury' or 'property damages' to which this insurance applies."

37.     The CGL Policy's insuring clauses, terms, and exclusions, including but not limited to the parts quoted or discussed herein, either bar or otherwise limit Cincinnati's duties, if

any, to defend and/or indemnify Staker, B&K, or Armstrong with respect to the Armstrong Action, identified above.

38.    Cincinnati has no duty to defend nor indemnify Staker, B&K, or Armstrong in the Armstrong Action pursuant to the exclusions contained in the CGL Policy, including, but not limited to, as follows:

    a.  Cincinnati has no duty to defend nor indemnify Staker in the Armstrong Action pursuant to Section I.2.b., "Contractual Liability," of the Exclusions section of the CG0001 of the CGL Policy as identified in ¶ 26 above and as amended by the endorsement to the CGL Policy, CG2426 (04/13) Amendment of Insured Contract Definition as identified in ¶ 27 above.

    b.  Cincinnati has no duty to defend nor indemnify B&K in the Armstrong Action pursuant to Section I.2.b., "Contractual Liability," of the Exclusions section of the CG0001 of the CGL Policy as identified in ¶ 26 above and as amended by the endorsement to the CGL Policy, CG2426 (04/13) Amendment of Insured Contract Definition as identified in ¶ 27 above.

    c.  Cincinnati has no duty to defend nor indemnify Armstrong in the Armstrong Action pursuant to Section I.2.b., "Contractual Liability," of the Exclusions section of the CG0001 of the CGL Policy as identified in ¶ 26 above and as amended by the endorsement to the CGL Policy, CG2426 (04/13) Amendment of Insured Contract Definition as identified in ¶ 27 above.

    d.  Cincinnati has no duty to defend nor indemnify Staker in the Armstrong Action pursuant to Section I.2.e., "Employer's Liability," of the Exclusions section of the

CG0001 of the CGL Policy as identified in ¶ 26 above and as amended by the endorsements to the CGL Policy, CG2426 (04/13) Amendment of Insured Contract Definition and CG3175 (07/19) Exclusion - Employer's Liability as identified in ¶¶ 27 and 29 above.

e.  Cincinnati has no duty to defend nor indemnify B&K in the Armstrong Action pursuant to Section I.2.e., "Employer's Liability" of the Exclusions section of the CG0001 of the CGL Policy as identified in ¶ 26 above and as amended by the endorsement to the CGL Policy, CG2426 (04/13) Amendment of Insured Contract Definition and CG3175 (07/19) Exclusion - Employer's Liability as identified in ¶¶ 27 and 29 above.

f.  Cincinnati has no duty to defend nor indemnify Armstrong in the Armstrong Action pursuant to Section I.2.e., "Employer's Liability" of the Exclusions section of the CG0001 of the CGL Policy as identified in ¶ 26 above and as amended by the endorsement to the CGL Policy, CG2426 (04/13) Amendment of Insured Contract Definition and CG3175 (07/19) Exclusion - Employer's Liability as identified in ¶¶ 27 and 29 above.

g.  Cincinnati has no duty to defend nor indemnify Staker in the Armstrong Action pursuant to the endorsement to the CGL Policy, CSGA437 (12/13) Additional Insured – Owners Lessees or Contractors – Automatic Status When Required In Construction as identified in ¶ 28 above.

h.  Cincinnati has no duty to defend nor indemnify B&K in the Armstrong Action pursuant to the endorsement to the CGL Policy, CSGA437 (12/13) Additional

Insured – Owners Lessees or Contractors – Automatic Status When Required In Construction as identified in ¶ 28 above.

i.  Cincinnati has no duty to defend nor indemnify Armstrong in the Armstrong Action pursuant to the endorsement to the CGL Policy, CSGA437 (12/13) Additional Insured – Owners Lessees or Contractors – Automatic Status When Required In Construction as identified in ¶ 28 above.

j.  Cincinnati has no duty to defend nor indemnify Staker in the Armstrong Action pursuant to the endorsement to the CGL Policy, CSGA3178 (07/19) Exclusion - Bodily Injury to Your Contractors or Subcontractors as identified in ¶ 30 above.

k.  Cincinnati has no duty to defend nor indemnify B&K in the Armstrong Action pursuant to the endorsement to the CGL Policy, CSGA3178 (07/19) Exclusion - Bodily Injury to Your Contractors or Subcontractors as identified in ¶ 30 above.

l.  Cincinnati has no duty to defend nor indemnify Armstrong in the Armstrong Action pursuant to the endorsement to the CGL Policy, CSGA3178 (07/19) Exclusion - Bodily Injury to Your Contractors or Subcontractors as identified in ¶ 30 above.

39.    The CGL Policy's insuring clauses, terms, and exclusions operate to relieve Cincinnati of any duty to defend or indemnify either Staker, B&K, or Armstrong in the Armstrong Action.

40.    Cincinnati therefore respectfully requests that this Court adjudicate and declare the rights and obligations of the parties under the policies pursuant to Rule 57, Federal Rules of Civil Procedure, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

41.     Cincinnati further respectfully requests that the Court enter a declaratory judgment that Cincinnati owes no duty to defend nor indemnify either Staker, B&K, or Armstrong in the Armstrong Action under the CGL Policy.

## **PRAYER FOR RELIEF**

WHEREFORE Cincinnati prays:

1.      That the Court declare the rights and obligations of each of the parties with regard to the dispute;

2.      That the Court enter a declaratory judgment that Cincinnati has no duty under the CGL Policy to defend nor indemnify Staker;

3.      That the Court enter a declaratory judgment that Cincinnati has no duty under the CGL Policy to defend or indemnify B&K;

4.      That the Court enter a declaratory judgment that Cincinnati has no duty under the CGL Policy to defend or indemnify Armstrong;

5.      For costs of suit; and,

6.      Any other relief that the Court deems just and equitable.

DATED this 27th day of April, 2023.

SNOW, CHRISTENSEN & MARTINEAU


*/s/ Adrienne A. Moss*
Scott C. Powers
Adrienne A. Moss
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed with the court and thereby served upon counsel of record this 27th day of April, 2023.

*/s/ Aliza Murad*
Legal Assistant